UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DENNIS J. RYDBOM,

Petitioner,

v.                              Civil Action No. 2:20-cv-00043

SUPERINTENDENT DONNIE AMES,
Mt. Olive Correctional Complex,

Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court are the proposed findings and recommendations (PF&R) of Magistrate Judge Omar J. Aboulhosn (ECF 48), and Mr. Rydbom's objections to the PF&R.  ECF 53.

I.   Procedural Background

On January 17, 2020, Mr. Rydbom filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 2.  This action was referred to the magistrate judge, who submitted a PF&R pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge recommended granting respondent's motion to dismiss and for judgment on the pleadings and denying Mr. Rydbom's cross motion for summary judgment.  ECF 48 at 76.

In the PF&R, the magistrate judge provided a detailed summary of petitioner's trial, state appellate, state habeas and federal habeas proceedings.  <u>See</u> ECF 48 at 1-24.  There being no objection to the summary, the court adopts the factual background presented in the PF&R and will only briefly review the facts pertinent to the petition at issue.

On February 5, 1998, Mr. Rydbom was convicted by a Wood County, West Virginia jury of Murder in the First Degree of Sheree Petry.  ECF 13-5.  He was sentenced to life imprisonment without the possibility of parole.  ECF 13-6.  Since his conviction, Mr. Rydbom has filed various appeals, writs, and habeas petitions in the state courts of West Virginia.  <u>See</u> ECF 13-9, 13-11, 13-14, 13-16, 13-18, 13-20.  On October 25, 2018, Mr. Rydbom filed his "Second Petition for Appeal of Denial of Habeas Corpus Relief, After Being Denied Permission to Exceed Page Limit, and Present Other Claims," with the Supreme Court of Appeals of West Virginia, where he alleged <u>inter</u> <u>alia</u> representation violations, search and seizure issues, and prosecutorial misconduct.  ECF 13-20.  On December 20, 2019, the Supreme Court of Appeals denied Mr. Rydbom's habeas appeal.  ECF 13-23.

## II.   Governing Standard

Upon an objection to the PF&R, the court reviews de novo "those portions or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  General objections which fail to address portions or specified proposed findings or recommendations "do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review." Elswick v. Plumley, No. 2:14-CV-29300, 2022 WL 2919291, at *1 (S.D.W. Va. July 25, 2022) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection."); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (noting de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").  "Absent a specific and timely filed objection, the court reviews only for 'clear

error,' and need not give any explanation for adopting the [PF&R]." <u>United States v. Hernandez-Aguilar</u>, 359 F.Supp.3d 331, 334 (E.D.N.C. 2019).

### III.   Analysis

Mr. Rydbom's petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, lists eight grounds in support.[1]  These include (1) Speedy Trial Violations, (2) Representation Violations, (3) Search and Seizure Violations, (4) "Panty Trial,"[2] (5) "Two-State Tag Team,"[3] (6) Self-Incrimination, (7) Partisan Judge, and (8) Inadequate State Process.  <u>See</u> ECF 2.

---

[1] Petitioner refers to these grounds as "chapters" in his § 2254 petition.

[2] Mr. Rydbom uses this term to describe the fourth ground in his habeas petition.  A review of the substance of this ground indicates petitioner is challenging the trial court's decision to allow for the admission of certain evidence at trial.  <u>See</u> ECF 2 at 76-97.

[3] This phrase is used by Mr. Rydbom to describe the fifth ground in his habeas petition.  In this ground, Mr. Rydbom appears to allege that the cooperation between Ohio and West Virginia authorities violated certain constitutional rights.  <u>See</u> <u>id.</u> at 98-112.

A.   Grounds Four, Six, Seven, and Eight

The magistrate judge determined grounds four ("Panty Trial"), six (Self-Incrimination), seven (Partisan Judge), and eight (Inadequate State Process), were procedurally barred from consideration on federal habeas review because they were not presented in his state habeas appeal to West Virginia's Supreme Court.  ECF 48 at 30-41.

Mr. Rydbom objects to the magistrate judge's findings and recommendations concerning exhaustion and procedural default of grounds four, six, seven, and eight, and advances several arguments in support.  See ECF 53 at 1-12.  The following headings are found under Mr. Rydbom's "Part One: Procedural Default" objection: (1) State's Burden to Plead Non-Exhaustion Defense, (2) Rydbom's Exhaustion Response,[4] (3) Presentation

---

[4]  Petitioner's "Exhaustion Response" merely states "Rydbom objects" to the magistrate judge's finding that grounds four, six, seven and eight were not presented to the West Virginia Supreme Court.  ECF 53 at 2.  The issue is dealt with below.

Requirement, (4) Ineffective Corrective Process,[5] and (5)
Procedural Default.[6]

 Of these five arguments made in support of his
objection, the magistrate judge has previously considered the
following: (1) Presentation Requirement, (2) Ineffective
Corrective Process, and (3) Procedural Default.  See ECF 53 at
2-12; ECF 26.  Petitioner's objections based on Presentation
Requirement, Ineffective Corrective Process, and Procedural
Default (except for that portion designated "No State Court
Reliance on Procedural Default") are non-specific and merely re-
state arguments already presented to the magistrate judge.  In
the PF&R, the magistrate judge thoroughly analyzed each of these
arguments.  See ECF 48 at 30-41.  To the extent petitioner

---

[5] Under the "Ineffective Corrective Process" heading in Mr.
Rydbom's objections, petitioner included the following sub-
headings: (1) Exhaustion of remedies v. 40-page limitation, (2)
Rydbom's state-level proceedings were factually & procedurally
complex, (3) Rydbom tried to be accommodating by dropping
claims, and (4) Rydbom was forced to omit more claims from his
final brief.  See ECF 53 at 2-5.  The arguments made under the
"Ineffective Corrective Process" heading are almost verbatim to
sections found in petitioner's "First Partial Response to
Respondent's Motion to Dismiss and For Judgment on the
Pleadings," and have been fully addressed by the magistrate
judge.  See ECF 26.

[6] Under the "Procedural Default" heading in Mr. Rydbom's
objections, petitioner includes numerous sub-headings.  See ECF
53 at 6-12.  The arguments made under this heading are all found
almost verbatim in petitioner's "First Partial Response to
Respondent's Motion to Dismiss and for Judgment on the
Pleadings," and have been fully addressed by the magistrate
judge.  See ECF 26.

objects to the magistrate judge's PF&R based on the above listed
previously raised grounds, the court overrules these objections
and adopts the proposed findings and recommendations of the
PF&R.

Petitioner's objection based on "State's Burden to
Plead Non-Exhaustion Defense" was not advocated before the
magistrate judge.  ECF 53 at 1-2.  He claims that because
respondent did not raise the exhaustion argument, the magistrate
judge improperly <u>sua</u> <u>sponte</u> found petitioner had failed to
exhaust grounds four, six, seven, and eight of his petition
listed above.  <u>Id</u>.  The court finds this objection groundless
inasmuch as the respondent raised the exhaustion defense in his
memorandum of law in support of his motion to dismiss and for
judgment on the pleadings.  <u>See</u> ECF 22 at 16-20.

Petitioner's objection framed under the heading "No
State Court Reliance on Procedural Default" relates to the
magistrate judge's finding and recommendation on exhaustion and
procedural default.  He claims that "[t]he procedural default
doctrine [applied by the magistrate judge to deny these same
four grounds] does not apply if the last state court rendering a
judgment in the case reached the merits of the claim."  ECF 53
at 10-11.  The court finds however, petitioner did not present
grounds four, six, seven, or eight of his present habeas

petition, to the West Virginia Supreme Court, as set forth
below.

During his appeal of the trial court's denial of his
habeas petition, Mr. Rydbom sought and was denied permission
from the Supreme Court of Appeals to file a brief exceeding the
Court's page limit.  The "Memorandum Decision" entered by the
West Virginia Supreme Court makes note of the denial of
petitioner's request to file a brief beyond the page limit and
"decline[d] to revisit that issue."  ECF 13-23 at 2.  The court
finds significant that the brief Mr. Rydbom filed with the West
Virginia Supreme Court listed only the following assignment of
errors: "Representation Violations," Search and Seizure
Violations, and "Two-State Tag Team."  With the case before it
in that posture, the Supreme Court "adopt[ed] and
incorporate[ed]" the trial court's "well-reasoned findings and
conclusions, which [the court found] address petitioner's
assignment of errors."  ECF 13-23 at 2.  Grounds four, six,
seven, and eight of his present habeas petition were thus not
presented to the West Virginia Supreme Court, and the Supreme
Court did not render a decision on the merits of those grounds.
The court agrees with the magistrate judge's determination that
those claims are now procedurally defaulted and may not be

considered on federal habeas review.  Petitioner's objection is overruled.  See ECF 48 at 30-41.

After reviewing the magistrate judge's thorough and detailed analysis, the court adopts the findings and recommendations of the PF&R with respect to grounds four, six, seven, and eight of petitioner's petition for habeas corpus.

B.   Grounds One, Two, Three, and Five

As to the remaining grounds of his § 2254 habeas petition, grounds one (Speedy Trial), two (Representation Violations), three (Search and Seizure), and five ("Two-State Tag Team"), the magistrate judge recommended finding in favor of respondent on all four grounds.  Mr. Rydbom's objections to the PF&R relate to grounds one, two, three, and five.  Except for ground one (Speedy Trial), these objections are either not directed towards a specific finding in the PF&R or simply re-state arguments previously made by petitioner and fully considered by the magistrate judge.  See ECF 53 at 16-29.

As to the speedy trial issue, Mr. Rydbom does affirmatively object that the magistrate judge erred in his analysis of petitioner's speedy trial claim by failing to consider the time he spent incarcerated in other jurisdictions prior to his trial.  Id. at 16.  The magistrate judge found

"[t]he approximate eleven month delay between the filing of the Criminal Complaint and Petitioner's trial does not meet the threshold showing to trigger speedy trial analysis."  ECF 48 at 50.  Mr. Rydbom claims the magistrate judge should have included the time he spent incarcerated in Arizona and Ohio when analyzing whether his right to a speedy trial was violated.  ECF 53 at 16.

After reviewing the record, including the time Mr. Rydbom spent incarcerated in Arizona and Ohio, he was in custody a little over thirteen months before his trial began on January 6, 1998.  While the magistrate judge found Mr. Rydbom's "approximate eleven month delay" did not trigger speedy trial analysis, the magistrate judge, nevertheless, analyzed petitioner's claim under the factors articulated in **Barker v. Wingo**, 407 U.S. 514 (1972),[7] and determined Mr. Rydbom's right to a speedy trial was not violated.  ECF 48 at 49-52.

The court finds even if Mr. Rydbom's pre-trial delay was thirteen months, the magistrate judge correctly found that the remaining three **Barker** factors weighed against petitioner's

_____

[7] In **Barker**, the Supreme Court listed the following factors a court is to consider when determining if a defendant's right to a speedy trial has been violated: (1) whether the delay before trial was uncommonly long, (2) whether the government or the defendant is more to blame for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the defendant suffered prejudice due to the delay.  407 U.S. at 530.

speedy trial claim for the reasons discussed in the PF&R. Finding no error, the court adopts the findings and recommendation of the magistrate judge concerning ground one.

As for grounds two, three, and five of petitioner's habeas petition, the court finds Mr. Rydbom's objections to be non-specific and merely re-state previously made arguments. The court having reviewed the record and the thorough and detailed findings and recommendations of the magistrate judge, adopts the findings and recommendations of the PF&R concerning grounds two, three, and five.

Based on the forgoing, the court finds Mr. Rydbom's objections to be without merit.

Accordingly, the court orders as follows:

1. The magistrate judge's PF&R be, and it hereby is, adopted in its entirety.

2. Respondent's Motion to Dismiss and for Judgment on the Pleadings, (ECF 21) is GRANTED.

3. Petitioner's Cross Motion for Summary Judgment, (ECF 27) is DENIED.

4. Petitioner's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (ECF 2) is DENIED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: March 31, 2023

John T. Copenhaver, Jr.
Senior United States District Judge