```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**DENNIS J. RYDBOM,**

       Petitioner,

v.                          Civil Action No. 2:20-cv-00043

**SUPERINTENDENT DONNIE AMES,**
Mt. Olive Correctional Complex,

       Respondent.

### MEMORANDUM OPINION AND ORDER

Pending is petitioner's <u>pro se</u> "Motion to Alter or Amend Judgment." ECF 66.[1]

This action was commenced on January 17, 2020, with petitioner's filing of a "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254. ECF 2. The petition was referred to United States Magistrate Judge Omar J. Aboulhosn for findings of fact and recommendations. After full briefing of the motion,

---

[1] Petitioner indicates that his motion is being brought "under Rule 52(b) and/or Rule 59(e) of the Fed. Rules Civil Procedure whichever is more appropriate." Rule 52(b) permits a party to move the court to "amend its findings—or make additional findings—and may amend the judgment accordingly." But, under Rule 52(a)(3), courts are not required to "state findings or conclusions when ruling on a motion under Rule 12 or 56." Rule 59(e) allows a court to alter or amend its judgment. Inasmuch as the court granted respondent's motion made under Rule 12(b)(6) and (c), Rule 52 is not applicable. The court will analyze petitioner's motion to alter or amend under Rule 59(e).

the magistrate judge entered his proposed findings and recommendations ("PF&R") on August 17, 2022, wherein the magistrate judge recommended dismissing petitioner's petition for habeas corpus. See ECF 48. After considering petitioner's objections to the PF&R, on March 31, 2023, the court entered an order overruling petitioner's objections and adopting the PF&R. See ECF 54. On that same day, the court entered a judgment order dismissing petitioner's action. See ECF 55.

On April 10, 2023, petitioner filed his notice of appeal, appealing the court's dismissal of his § 2255 action. ECF 58. Subsequently, on April 27, 2023, petitioner filed a motion to alter or amend judgment, which is presently before the court. ECF 66.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). However, even after a notice of appeal is filed, district courts retain jurisdiction to adjudicate timely filed motions to alter or amend judgments made under Rule 59. See United States v. Silvers, 90 F.3d 95, 98 (4th Cir. 1996) ("when a party files a timely notice of appeal followed by a timely Rule 59 motion, the

notice of appeal is tolled and does not become effective to confer jurisdiction on the court of appeals until the entry of an order disposing of the Rule 59 motion"); Berrios v. Shin, 700 Fed. Appx. 222 (4th Cir. 2017); Ross v. Marshall, 426 F.3d 745 (5th Cir. 2005); Fed. R. App. P. 4(a)(4).

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Petitioner requests that the court "alter or amend its judgment of March 31, 2023." ECF 66 at 1. Accordingly, petitioner had until April 28, 2023, to file his motion under Rule 59(e). Petitioner's motion was not filed by the Clerk on the docket until May 1, 2023; however, the envelope filed with his motion indicates petitioner mailed his motion on April 27, 2023. See ECF 66-1. Because of this, the court finds that petitioner's motion was timely filed. See Houston v. Lack, 487 U.S. 266 (1988); Rivera v. Virginia Dep't of Corr., 693 Fed. Appx. 240 (4th Cir. 2017).

Turning to the merits of petitioner's motion to alter or amend judgment, courts may grant such a motion under Rule 59(e), "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

3

injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In his motion, petitioner asks this court to alter or amend its judgment concerning certain alleged violations of his rights under the Fourth Amendment as made in his petition for habeas corpus. ECF 66 at ¶¶1-15. Petitioner advances two arguments in support. First, he claims his Fourth Amendment claim surrounding the validity of the Arizona search warrant was never fully and fairly litigated in the state court proceedings. Petitioner thus argues that Stone v. Powell, 428 U.S. 465 (1976) is inapplicable, and this claim may be considered on habeas review by the district court. Id. at ¶¶7-13. Second, petitioner asserts that the "Arizona warrant's 'affidavit,' offers no nexus, whatsoever, linking the items sought to 911 East Medlock Drive, Phoenix Arizona." Id.

The court finds petitioner is not seeking relief through a showing of an "intervening change in controlling law" or "to account for new evidence." To prevail, petitioner must show that altering or amending the judgment would "correct a clear error of law or prevent manifest injustice."

In Stone, 428 U.S. 465 (1976), the Supreme Court stated,

4

>that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

Id. at 494. It has been noted that the holding in Stone "marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in state court." Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982).

In this instance, it is clear petitioner has had a full and fair opportunity to litigate the validity of the Arizona search warrant in State court proceedings. The record indicates petitioner filed a motion to suppress evidence obtained due to the Arizona search warrant and that pretrial hearings concerning the validity of the warrant were held on October 8, 1997, November 5, 1997, and November 6, 1997. See ECF 13-7 at 19; ECF 13-15 at 19-20. Petitioner on direct appeal to the West Virginia Supreme Court of Appeals argued the Arizona search warrant was insufficient because "it failed to disclose a connection between the address to be searched and the defendant." ECF 13-7 at 27. Finally, petitioner also raised this issue during his State habeas proceedings. See ECF 13-15; 13-20; 13-23.

5

If a prisoner has been given an opportunity to present his Fourth Amendment claims fully and fairly in State court proceedings, then a district court need not reach the merits of the prisoner's claim. Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978). Because the court correctly found petitioner had a full and fair opportunity to litigate the validity of the Arizona search warrant in State court proceedings, petitioner has failed to identify a "clear error of law" or a "manifest injustice" which would warrant the court altering or amending its judgment.

Based on the foregoing, the court DENIES petitioner's "Motion to Alter or Amend Judgment."

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 11, 2023

John T. Copenhaver, Jr.
Senior United States District Judge